Hay *v.* Estell.

---

## Hay *vs* Estell and others.

1. A tenant in common has a right to partition in chancery, if he shows a title to a share.

2. When the title of the complainant in a bill for partition is disputed, it will not be settled upon the hearing in this court, but the complainant will be compelled to establish his title at law first, and the bill will be retained until he can so establish his title.

3. But it must appear clearly to the court, that there is an actual dispute, either by direct statement, or by words that amount to a direct denial of title, and not by a mere possible inference from the pleadings or proofs.

*Mr. P. L. Voorhees,* for complainant.

*Mr. J. T. Nixon,* for defendants.

THE CHANCELLOR.

This is a bill for partition. Two of the defendants are infants. The clerk of this court was appointed their guardian *ad litem,* and put in for them the usual answer, submitting their rights in this matter to the court, and alleging that they *have heard* " that their father was seized in fee of the lands of which partition is sought, in which these defendants have an estate in fee simple, as heirs-at-law of their said father."

Testimony was taken by both parties, and the cause was argued upon the pleadings and proofs. Upon the proofs, the complainant shows a clear title to two thirds of the lands of which partition is sought, and accordingly would be entitled to have a decree for partition. A tenant in common has a right to partition in chancery, if he shows a title to a share. *Parker* v. *Gerard, Ambl.* 236 ; *Baring* v. *Nash,* 1 *Ves. & B.* 556.

But it is the established rule of this court, where the title of the complainant is disputed, not to settle it upon the hearing here, but to compel the complainant to establish his title at law first, and the bill for partition will be retained until he can so establish his title. *Manners* v. *Manners,* 1 *Green's C. R.* 384 ; *Wilkin* v. *Wilkin,* 1 *Johns. C. R.* 111 ; *Coxe* v. *Smith,* 4 *Johns. C. R.* 271 ; *Dewitt* v. *Ackerman,* 2 *C. E. Green* 215 ; *Blynman* v. *Brown,* 2 *Vern.* 232.

But in such case it must appear clearly to the court, that there is an actual dispute about the complainant's title. It must not be by a mere possible inference from the pleadings or proofs. In this case, there is nothing in the answer to show such dispute. The only passage that can be construed into it, is the one quoted above. This may be literally true, and the complainant's title be undisputed. That the defendants, or their guardian, dispute this title, can hardly be inferred from the answer. It should be stated directly, or in words that amount to a direct denial of title. I do not find in the evidence, anything to show that these defendants do now, or that their father did in his life, deny the complainant's title, or anything from which it can fairly be inferred.

There is no ground for raising the slightest doubt upon the title, from any fact stated in the pleadings or shown in evidence. There can be no estoppel from the deed of Joseph E. West to John Estell, dated January 29th, 1831. By the deeds, the title was held in common after the death of George S. West, and no title can be had against any of the tenants in common by adverse possession of the other. There is no question of law or fact to be settled by the courts of law.

There must be a plain direct denial of the title of the complainant in the answer, or the proceedings will not be stayed for a trial at law. The complainant is therefore entitled to a decree for partition.